# EXHIBIT A

Filing # 185614105 E-Filed 11/07/2023 10:35:04 AM

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL DISTRICT
## IN AND FOR BROWARD COUNTY, FLORIDA

| | |
|---|---|
| **ANNA MARIA MCCULLERS**, an individual, | : |
| | : |
| Plaintiff, | : |
| | :     Case No.: |
| v. | : |
| | : |
| **SUNBEAM PRODUCTS, INC.,** | : |
| | : |
| Defendant. | : |

### COMPLAINT AND JURY DEMAND

Plaintiff, **ANNA MARIA MCCULLERS** (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC**, upon information and belief, at all times hereinafter mentioned, alleges as follows:

### NATURE OF THE CASE

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after she was seriously injured by a "Sunbeam King Size Heating Pad," Model Numbers 834B, 764-690-000 (hereafter generally referred to as "heating pad(s)").

2. Defendant designs, manufactures, markets, imports, distributes, and sells a wide-range of consumer products, including the subject "Sunbeam Heating Pad," which specifically includes the Sunbeam King Size Heating Pad, Model Numbers 834B, 764-690-000

3. Defendant boasts that its heating pads "delivers effective, soothing heat therapy ideal for

1

relieving arthritic pain, everyday muscle aches, and a variety of other ailments"[1] and states that each heating pad comes with "2-hour auto-off for peace of mind."[2]

4.      Despite these claims, Defendant sold a product that suffers from serious and dangerous defects.  Said defects cause significant risk of bodily harm and injury to its consumers.

5.      Specifically, said defects manifest themselves when heating pads overheat, posing fire and burn hazards; just as it did in this case.

6.      On or about November 25, 2021, Plaintiff was using the subject heating pad to alleviate pain in her back and hip when the heating pad unexpectedly overheated.  As a result, Plaintiff sustained, *inter alia*, third-degree burns to her back and right lateral hip which ultimately developed multiple complications and infections necessitating extensive follow-up procedures.

7.      This is not the first time that Defendant's heated devices have had problems with overheating.  On March 16, 2023, the Consumer Products Safety Commission ("CPSC") announced a recall of more than 43,000 of Defendants' heating blankets after receiving "13 reports of the blankets overheating."[3]

8.      Defendant knew or should have known of these defects but nevertheless put profit ahead of safety by continuing to sell its heating pads to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to timely recall the dangerously defective heating pads despite the risk of significant injuries to Plaintiff and consumers like her.

---

[1] *See* https://www.walmart.com/ip/Sunbeam-King-Size-Heating-Pad-Relieving-Arthritic-Pain-Everyday-Muscle-Aches-Easy-to-Use-Slide-Controller-Designed-Users-Arthritis-White-Plaid/690896434?athbdg=L1102 (last accessed November 6, 2023).
[2] *Id.*
[3] *See* the CPSC Recall Notice from March 16, 2023 (https://www.cpsc.gov/Recalls/2023/Sunbeam-Heated-Blankets-Recalled-Due-to-Burn-and-Fire-Hazards-Distributed-by-Star-Elite) a copy of which is attached hereto as Exhibit A.

2

9.     As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

**PLAINTIFF ANNA MARIA MCCULLERS**

10.     Plaintiff is a resident and citizen of the City of Englewood, County of Charlotte, State of Florida.

11.     On or about November 25, 2021, while working and staying in Kansas for her job as a travelling nurse, Plaintiff was using the subject heating pad to alleviate back and hip pain when the subject heating pad unexpectedly overheated.  As a result, Plaintiff sustained, *inter alia*, third-degree burns to her back and right lateral hip.  The incident occurred as the result of the failure of the heating pad to maintain a safe temperature.  In addition, the incident occurred as the result of Defendant Sunbeam's failure to redesign the heating pad, despite the existence of economical, safer alternative designs.

**DEFENDANT SUNBEAM PRODUCTS, INC.**

12.     Defendant Sunbeam designs, manufactures, markets, imports, distributes, and sells a variety of consumer home and kitchen products[4] including, *inter alia*, pressure cookers, irons, mixers, blankets, and bedding.

13.     Defendant Sunbeam claims to "[provide] total wellbeing solutions for living a healthy, lively and fulfilling life"[5] and boasts that it has "provided convenient solutions to make everyday life better"[6] for "over 100 years."[7]

---

[4] *See generally*, https://www.sunbeam.com/ (last accessed November 6, 2023).
[5] *See*, https://www.newellbrands.com/our-brands/sunbeam (last accessed November 6, 2023).
[6] *Id.*
[7] *Id.*

3

14. Defendant Sunbeam is a Delaware Corporation with its registered place of business at 1293 North University Drive, #322, City of Coral Springs, Broward County, Florida 33071 and its principal place of business located at 2381 Executive Center Drive, City of Boca Raton, Palm Beach County, Florida 33431.

## JURISDICTION AND VENUE

15. This Court has personal jurisdiction over Defendant Sunbeam pursuant to Fla. Stat. § 48.193 in that Defendant Sunbeam operates, conducts, engages in, or carries on a business or business venture within this State, and/or committed a tortious act within this State.

16. Venue is proper in this Court is proper pursuant to Fla. Stat. § 47.011 in that Defendant Sunbeam maintains its registered place of business in Broward County.

17. The amount in controversy exceeds the sum of fifty thousand ($50,000.00) dollars, exclusive of interest and costs.

## FACTUAL BACKGROUND

18. Defendant Sunbeam is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the heating pads at issue in this litigation.

19. On or about November 25, 2021, Plaintiff was using the subject heating pad to alleviate back and hip pain when the subject heating pad unexpectedly overheated.  As a result, Plaintiff sustained, *inter alia*, third-degree burns to her back and right lateral hip.  Her burns ultimately led to multiple complications and infections, require extensive follow-up treatment.

20. Defendant boasts that its heating pads "delivers effective, soothing heat therapy ideal for relieving arthritic pain, everyday muscle aches, and a variety of other ailments"[8] and states that

---

[8] *See* https://www.walmart.com/ip/Sunbeam-King-Size-Heating-Pad-Relieving-Arthritic-Pain-Everyday-Muscle-Aches-Easy-to-Use-Slide-Controller-Designed-Users-Arthritis-White-Plaid/690896434?athbdg=L1102 (last accessed November 6, 2023).

4

each heating pad comes with "2-hour auto-off for peace of mind."[9]

21.    Despite these claims, this is not the first time that Defendant has had issues with its heated products.  On March 16, 2023, the Consumer Products Safety Commission ("CPSC") announced a recall of more than 43,000 of Defendant's heating blankets after receiving "13 reports of the blankets overheating."[10]

22.    By reason of the forgoing acts or omissions, Plaintiff used the heating pad with the reasonable expectations that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of heat therapy and pain relief.

23.    Plaintiff used the heating pad for its intended purpose and did so in a manner that was reasonable and foreseeable by Defendant.

24.    However, the aforementioned heating pad was defectively designed and manufactured by Defendant in that it over heated and gravely injured the Plaintiff during the ordinary, foreseeable and proper use of the product; placing the Plaintiff and similar consumers in danger while using the heating pads.

25.    Defendant's heating pads possess defects that make them unreasonably dangerous for their intended use by consumers because they can unexpectedly overheat or catch fire.

26.    Economic, safer alternative designs were available that could have prevented the heating pad from overheating during use.

27.    As a direct and proximate result of Defendant's intentional concealment of such defects, their failure to warn consumers of such defects, their failure to remove a product with such defects from the stream of commerce, and their negligent design of such products, Plaintiff used an

---

[9] *Id.*

[10] *See* Exhibit A.

unreasonably dangerous heating pad, which resulted in significant and painful bodily injuries.

28. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's heating pad as described above, which has caused the Plaintiff to suffer serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

29. Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

30. At the time of Plaintiff's injuries, Defendant Sunbeam's heating pads were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

31. Defendant Sunbeam's heating pads were in the same or substantially similar condition as when they left the possession of the Defendant.

32. Plaintiff and her family did not misuse or materially alter the subject heating pad.

33. The heating pads did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

34. Further, a reasonable person would conclude that the possibility and risk of serious harm outweigh the burden or cost of making the heating pads safe. Specifically:

   a. The heating pads designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweigh any benefit that could be derived from its normal, intended use;

c. Defendant Sunbeam failed to properly market, design, manufacture, distribute, supply, and sell the heating pads, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Defendant Sunbeam failed to warn and place adequate warnings and instructions on the heating pads;

e. Defendant Sunbeam failed to adequately test the heating pads; and

f. Defendant Sunbeam failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiffs' injuries and damages.

35. Defendant Sunbeam's actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Sunbeam for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

**COUNT II**
**NEGLIGENCE**

36. Plaintiff incorporates by reference each preceding paragraph as though set forth fully at length herein.

37. Defendant Sunbeam had a duty of reasonable care to design, manufacture, market, and sell non-defective heating pads that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

38. Defendant Sunbeam failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale, and marketing of its heating pads in that Defendant knew or should have known that said heating pads created a high risk of unreasonable harm to the Plaintiff and consumers alike.

7

39. Defendant Sunbeam was negligent in the design, manufacture, advertising, warning, marketing, and sale of its heating pads in that, among other things, it:

    a. Failed to use due care in designing and manufacturing the heating pads to avoid the aforementioned risks to individuals;

    b. Placed an unsafe product into the stream of commerce;

    c. Aggressively over-promoted and marketed its heating pads through television, social media, and other advertising outlets; and

    d. Was otherwise careless or negligent.

40. Despite the fact that Defendant Sunbeam knew or should have known that the heating pads were capable of overheating and burning consumers, Defendant continued to market its heating pads to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment against Defendant Sunbeam for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including punitive damages if applicable, to which she is entitled by law, as well as all costs of this action and interest, to the full extent of the law, whether arising under the common law and/or statutory law, including:

    a. judgment for Plaintiff and against Defendant;

8

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's heating pad;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case; and

e. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully Submitted,

Dated: November 7, 2023

**JOHNSON BECKER, PLLC**

*/s/ Lisa A. Gorshe, Esq.*
Lisa A. Gorshe, Esq. (FL #122180)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
lgorshe@johnsonbecker.com

***Attorneys for Plaintiff***

9